**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

DENNIS HEATON,

    Plaintiff.

v.

SMITH AND NEPHEW, INC., a Delaware corporation,

    Defendant.

___

**COMPLAINT AND JURY DEMAND**
___

Plaintiff Dennis Heaton, through counsel, Daniel A. Lipman and Lorraine E. Parker of the law firm of Parker Lipman LLP, alleges the following:

### I. JURISDICTION

1.    Plaintiff Dennis Heaton is and was in all relevant times a resident of the State of Colorado.

2.    Defendant Smith and Nephew, Inc., ("Smith and Nephew") is a Delaware Corporation with its principle place of business located in Shelby County, Tennessee. Defendant Smith and Nephew regularly conducts business within Colorado, is licensed to do business in Colorado, and is engaged in the business of designing, manufacturing, and selling orthopedic medical devices. Defendant Smith and Nephew's registered agent for service of process in Colorado is the Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

3.    At all relevant times, Defendant Smith and Nephew was engaged in the business of designing, testing, manufacturing, marketing, advertising, selling, distributing, and supplying

orthopedic medical devices and other medical devices and transacts business and derives substantial revenue from business within Colorado and is susceptible to the jurisdiction of this Court.

4. This is an action filed under the provision of 28 U.S.C § 1332 by reason of the diversity of citizenship of the Parties, and the amount and controversy, exclusive of interest and costs, exceeds $75,000.00.

## II. GENERAL ALLEGATIONS

5. Plaintiff incorporates paragraphs 1 through 4 of this Complaint by reference.

6. On or about February 8, 2011, Plaintiff had surgery for application of medical orthopedic devices produced, manufactured, sold, and distributed by Defendant Smith and Nephew.

7. These medical devices were applied to Plaintiff's left leg, foot and ankle at Presbyterian/St. Luke's Medical Center in Denver, Colorado.

8. Medical devices applied to Plaintiff during the surgical procedure included a Taylor Spatial Frame, foot ring, walker plate, utilizing the Ilizaroz technique with circular external fixators. ("subject medical devices").

9. The subject medical devices were all designed, tested, fabricated, assembled produced, manufactured, marketed, sold, and distributed by Defendant Smith and Nephew.

10. David Hahn, M.D. of Colorado Limb Consultants appropriately and properly applied, monitored and adjusted the subject medical devices from February 8, 2011 until on or about December 11, 2011.

11. On or about December 11, 2011, a break occurred through the foot ring of the subject medical devices produced, manufactured, sold, and distributed by Defendant Smith and Nephew.

12. The break was not caused by Mr. Dennis Heaton.

13. The break was not caused by David Hahn, M.D.

14. As a result, Plaintiff suffered severe injuries, damages, and losses as more fully described below.

15. A tolling agreement was in effect from December 3, 2013, up to and including August 12, 2014, preventing the running of any limitations period.

16. The break is depicted below:



### III. FIRST CLAIM FOR RELIEF
### (Strict Liability)

17. Plaintiff incorporates paragraphs 1 through 16 of this Complaint by reference.

18. Defendant Smith and Nephew designed, developed, manufactured, assembled, tested, marketed, warranted, distributed, produced, sold and placed the subject medical devices, including the foot ring, into the stream of commerce.

19. At all relevant times, Defendant Smith and Nephew was engaged in the business of selling such medical devices for sale, resale, use or consumption.

20. Defendant Smith and Nephew sold the subject medical devices applied to Plaintiff's left lower extremity, including the foot ring depicted in paragraph 16 above.

21. The subject medical devices were defective and, because of the defects, unreasonably dangerous to a person who might be reasonably expected to use or be affected by the subject medical devices.

22. The subject medical devices were defective, unreasonably dangerous, and unfit for their intended use at the time they were sold by Defendant Smith and Nephew or left Smith and Nephew's control.

23. The subject medical devices were expected to and did reach the consumer or user without substantial change in the condition in which they were sold.

24. Plaintiff is a person who would reasonably be expected to use or be affected by the subject medical devices.

25. As a direct and proximate cause of the Defendant's acts and omissions, the subject medical devices failed and broke, causing Plaintiff to suffer injuries, damages and losses,

past and future economic damages, past and future non-economic damages, and past and future disfigurement and physical impairment, including, but not limited to, permanent nerve dysfunction, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, physical suffering, medical, hospital, rehabilitation, and therapeutic expenses, loss of income, and essential services; permanent impairment and dysfunction; the need for medical treatment, surgery, medicines, hospitalization prescriptions, rehabilitative care, radiographic imaging studies, physical and other therapies, long-term care and assistance, home care, and home assistance, and the cost attendant to the same. Plaintiff seeks all applicable pre- and post-judgment interest, costs, and attorney's fees.

### IV.  SECOND CLAIM FOR RELIEF
### (Negligence)

26.     Plaintiff incorporates paragraphs 1 through 25 of this Complaint by reference as if fully set forth herein.

27.     Defendant Smith and Nephew owed Plaintiff a duty to exercise reasonable care in the design, manufacture and fabrication of the subject medical devices to ensure that they could withstand normal use and wear and tear.

28.     Defendant Smith and Nephew failed to use reasonable care to prevent the subject medical devices from creating an unreasonable risk of harm to the person who might reasonably be expected to use or be affected by the subject medical devices, while they were being used in the manner the Defendant might have reasonably expected.

29.     Defendant Smith and Nephew breached the duties owed to Plaintiff and was negligent by negligently designing, manufacturing, fabricating, testing and assembling the

subject medical device, and in the selection of materials used in the manufacture, fabrication and assembly of the subject medical devices.

30. As a direct and proximate cause of Defendant's acts and omissions, the subject medical devices broke, causing Plaintiff injuries, damages, and losses as more fully described above.

## V. THIRD CLAIM FOR RELIEF
### (Breach of Express Warranty)

31. Plaintiff incorporates paragraphs 1 through 30 of this Complaint by reference.

32. Defendant Smith and Nephew expressly warranted the subject medical devices were of merchantable quality through their advertisements, actions, and representatives.

33. Plaintiff is a person who was reasonably expected to use or be affected by the subject medical devices.

34. The subject medical devices were not as warranted.

35. Within a reasonable time after Plaintiff discovered or should have discovered the breach of warranty, Plaintiff and/or his physician and/or hospital staff on his behalf notified Defendant of such breach.

36. As a direct and proximate result of Defendant's breach of express warranty of merchantable quality, Plaintiff suffered severe injuries, damages, and losses as more fully described above.

## VI. FOURTH CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability)

37. Plaintiff incorporates paragraphs 1 through 36 of this Complaint by reference.

38. Plaintiff is a person who was reasonably expected to use or be affected by the subject medical devices.

39. Defendant Smith and Nephew was a merchant with respect to the type of products involved.

40. The subject medical devices were not of merchantable quality at the time of sale.

41. Within a reasonable time after Plaintiff discovered or should have discovered the breach of warranty, Plaintiff or others on his behalf notified Defendant of such breach.

42. The subject medical devices were not merchantable for the following reasons, among others:

    a. The devices failed to pass without objection in the trade;

    b. The devices failed to be of fair and average quality;

    c. The devices failed to be fit for the ordinary purposes for which the medical devices are used.

**43.** As a direct and proximate cause of Defendant's acts and omissions, Plaintiff suffered severe injuries, damages, and losses as more fully described above.

### VII.  FIFTH CLAIM FOR RELIEF
(Breach of Implied Warranty of Fitness)

44. Plaintiff incorporates paragraphs 1 through 43 of this Complaint by reference.

45. Defendant Smith and Nephew impliedly warranted the subject medical devices to be suitable for the particular purpose of: frame for bone transport through bifocal tibial corticotomies.

46. Plaintiff is a person who was reasonably expected to use or be affected by the medical devices applied to Plaintiff's left lower extremity, left leg, left foot and ankle, including the footplate portion of the foot ring.

47. The subject medical devices applied to Plaintiff's left lower extremity, left leg, left foot and ankle, including the footplate portion of the foot ring, was not suitable or fit for the particular purpose for which it was warranted.

48. Within a reasonable time after Plaintiff discovered or should have discovered the breach of warranty, Plaintiff or others on his behalf notified Defendant of such breach.

49. As a direct and proximate cause of Defendant's acts and omissions, Plaintiff suffered severe injuries, damages, and losses as more fully described above.

WHEREFORE, Plaintiff prays for an award of compensatory damages in favor of the Plaintiff and against the Defendant in an amount to be determined by the trier-of-fact, pre-filing interest, post-filing interest, pre-judgment interest, post-judgment interest, all other interest permitted by law, all costs permitted by law, expert witness fees, filing fees, deposition expenses, and for such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 11th day of August, 2014.

*s/ Daniel A. Lipman*
Daniel A. Lipman
Lorraine E. Parker
Parker Lipman, LLP
2300 15th Street, Suite 200
Denver, CO 80202
Telephone:  720-638-9424
Facsimile:  303-964-1900
E-mail:  Dan@parkerlipman.com

Attorneys for Plaintiff Dennis Heaton

Plaintiff's Address:
10257 West Ottawa Avenue
Littleton, CO 80127